**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| JEFFREY JAY LAVALLE, | Civil No. 06-123 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

---

Jeffrey Jay LaValle, 670 Creekwood Drive, Chaska, MN 55318, *pro se* plaintiff.

Friedrich A. P. Siekert, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Jeffrey Jay LaValle commenced this action against the United States, primarily challenging the denial of his vocational rehabilitation benefits. Plaintiff also claims that psychological examinations completed by United States Department of Veterans Affairs ("VA"), which formed a partial basis for the denial of his vocational rehabilitation benefits, reflect negligence and medical malpractice. The matter came before United States Magistrate Judge Franklin L. Noel upon a motion to dismiss filed by defendant. In a Report and Recommendation dated January 26, 2007, the Magistrate Judge recommended that this Court grant defendant's motion.

This matter is now before the Court on plaintiff's objections to the Report and Recommendation.[1] The Court conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b), and for the reasons set forth below, overrules plaintiff's objections and adopts the Report and Recommendation.

## BACKGROUND

Plaintiff Jeffrey LaValle served in the United States Navy from June 1989 to November 1991, when he was honorably discharged for medical conditions. Plaintiff carries a 100-percent service-connected disability based on several psychiatric disorder diagnoses. He also collects social security disability.

Plaintiff requested that he receive vocational rehabilitation benefits from the VA. In a letter dated May 14, 2001, the VA denied his request for benefits. It appears that plaintiff sought reconsideration of this decision from the VA office in Oakland, California. In a letter dated July 25, 2001, the VA confirmed the denial of benefits. The letter explained that it was not reasonably feasible for plaintiff to achieve either employment or self-employment. The letter stated that one of the reasons for the denial was an assessment of plaintiff's general functioning by Dr. Paul Aribisi on December 21, 2000. Plaintiff then engaged in further administrative review of the decision.

---

[1] On February 27, 2007, plaintiff requested an extension of time to file his memorandum in support of his objections to the Report and Recommendation. The Court recognizes that plaintiff had good cause for his inability to submit the materials within the normal time frame, and the Court therefore considered all materials submitted by plaintiff.

On February 20, 2004, plaintiff submitted an administrative tort claim to the VA. The VA denied the tort claim on August 26, 2004, and plaintiff sought further administrative review.

Plaintiff initiated the action before this Court on January 6, 2006. Defendant moves to dismiss, arguing that plaintiff's request that this Court review the denial of vocational rehabilitation benefits is barred by 38 U.S.C. § 511, and that plaintiff's claims under the Federal Tort Claims Act are untimely.

## ANALYSIS

### I. STANDARD OF REVIEW

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant submitted the Siekert Declaration and nine exhibits in support of the motion. When matters outside the pleadings are considered, a motion for failure to state a claim under Rule 12(b)(6) "shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b).

The Magistrate Judge treated the motion as one for summary judgment. However, Rule 12(b) does not prescribe summary judgment treatment for challenges under 12(b)(1) to subject matter jurisdiction where a factual record is developed. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). Because the Court grants the motion to dismiss for lack of subject matter jurisdiction and does not reach the merits of the case, the Court need not treat the motion as one for summary judgment.

## II. OBJECTIONS TO THE REPORT AND RECOMMENDATION

The Magistrate Judge concluded that review of the denial of vocational rehabilitation benefits is barred by 38 U.S.C. § 511, and that plaintiff's claims under the Federal Tort Claims Act are untimely. The Magistrate Judge therefore recommended that this Court grant defendant's motion. In his objection, plaintiff argues that his claims under the Federal Tort Claims Act are timely.[2]

The Federal Tort Claims Act requires that an administrative tort claim be submitted to the applicable federal agency within two years after the claim accrues.[3] 28 U.S.C. § 2401(b); *Snyder v. United States*, 717 F.2d 1193, 1195 (8th Cir. 1983). The general rule under the Act is that a tort claim accrues at the time of plaintiff's injury. *Id.* Medical malpractice claims are an exception to this general rule. *Id.* Medical malpractice claims accrue "when a plaintiff has discovered both his injury and its probable cause, even though he may be ignorant of his legal rights." *Id.*

---

[2] Plaintiff does not object to the determination that this Court lacks jurisdiction to review the VA's denial of vocational rehabilitation benefits. As to this issue, the Court adopts the Report and Recommendation without further discussion.

[3] 28 U.S.C. § 2401(b) provides,

> [A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Though phrased in the disjunctive, this statute requires a claimant to file an administrative claim within two years *and* file suit within six months of its denial. *Willis v. United States*, 719 F.2d 608, 610-13 (2d Cir. 1983) (discussing the statute's purpose and legislative history).

The Magistrate Judge determined that plaintiff was aware of both his injury and its probable cause on or before July 25, 2001. In a letter dated July 25, 2001, the VA confirmed the denial of plaintiff's request for vocational rehabilitation benefits, which is the injury alleged in his tort claim. The letter also explained the causes for the denial, one of which was the assessment of plaintiff's general functioning by Dr. Aribisi on December 21, 2000.

Plaintiff does not dispute that he received this letter. Rather, he points to other documents in which he inquires about the reasons for the denial of his benefits. The Court agrees with the Magistrate Judge that the letter dated July 25, 2001 provided plaintiff notice of the probable cause of his injury. Later inquiries by plaintiff do not negate the fact that plaintiff had already received information that revealed his injury and its probable cause.

Plaintiff also argues that he was not aware of his right to engage in a federal tort claim until December 5, 2002, when he received a letter from the Patients Advocates Office. It is unfortunate that the Office did not provide this letter to plaintiff earlier, but a plaintiff's ignorance of his legal rights does not toll the statute of limitations. *Snyder*, 717 F.2d at 1195.

The Court concludes that the two-year limitations period began on July 25, 2001. Because plaintiff did not submit his administrative tort claim until February 20, 2004, his claims are untimely and the Court lacks jurisdiction to hear them. The Court therefore grants defendant's motion to dismiss.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 30] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 28]. Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Docket No. 21] is **GRANTED**. Plaintiff's amended complaint [Docket No. 10] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 31, 2007                                       s/ John R. Tunheim
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                                                   United States District Judge